IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CHAD ALAN CAPPIELLO,** § <br> **TDJC No. 2262766,** § <br> Petitioner, § <br> § <br> v. § <br> § <br> **BOBBY LUMPKIN,** § <br> **DIRECTOR, TDCD-CID,** § <br> § <br> Respondent. § | Civil Action No. 4:24-cv-097-O |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the petition of Chad Alan Cappiello under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

**I.   BACKGROUND**

Petitioner was convicted of theft of property from elderly persons in an amount between $30,000 and $150,000 (count one), misapplying property held as a fiduciary (count two), and theft of property in an amount between $30,000 and $150,000 (count three) under Cause No. 1554954D in the 213th District Court, Tarrant County, Texas, and sentenced to a term of imprisonment totaling 47 years. ECF No. 24-14 at 7–12. He appealed and the Court of Appeals for the Second Judicial District affirmed the judgment as to count one but reversed and rendered judgments of acquittal as to counts two and three. *Cappiello v. State*, No. 02-19-00197-CR, 2022 WL 1420763 (Tex. App.—Fort Worth May 5, 2022, pet. ref'd), *cert. denied*, 143 S. Ct. 591 (2023). On July 27, 2022, the Texas Court of Criminal Appeals ("CCA") refused his petition for discretionary review. *Id.* On January 9, 2023, the United States Supreme Court denied his petition for writ of certiorari. *Cappiello v. Texas*, 143 S. Ct. 591 (2023).

On August 29, 2023, Petitioner filed his state habeas application. ECF No. 24-14 at 17–43. On November 15, 2023, the CCA denied the application without written order. ECF No. 24-15.

On January 24, 2024, Petitioner filed his federal habeas petition. ECF No. 1 at 47.[1]

## II.   GROUNDS OF THE PETITION

Petitioner asserts fourteen grounds for relief, stated roughly as follows:

1. The State "tortuously" interfered with private party contracts, unlawfully bringing criminal proceedings to a lawful act.

2. The grand jury indictment did not set forth each essential element to prosecute theft in connection with a contract.

3. Petitioner's right to confrontation in the Scott's transaction was violated.

4. There was no evidence to specific elements to indict, prosecute, convict or sentence Petitioner of theft of property.

5. Prosecutorial misconduct caused Petitioner to be charged, convicted, and sentenced for what the law legally allowed him to do.

6. Petitioner received ineffective assistance of trial counsel.

7. Petitioner was exposed to an illegal sentence.

8. Petitioner was denied effective assistance of appellate counsel on direct appeal.

9. Petitioner was denied effective assistance of appellate counsel after the appellate opinion issued.

10. The evidence was insufficient to support a dollar amount greater than $30,000.

11. The evidence was legally insufficient to support the verdict.

---

[1] The page number references to the petition are to "Page __ of 52" reflected at the top right portion of the document on the Court's electronic filing system.

12. The state appellate court's opinion was unreasonable because it relied on an incomplete standard of review with errors in applying law and weighing evidence.

13. The state appellate court's opinion was unreasonable in its factual determination of the trial record.

14. The state appellate court misapplied the standard of review as to whether clear error was harmless in its assessment of the prosecutor's reference in closing argument to an extraneous offense.

### III. APPLICABLE LEGAL STANDARDS

#### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09. A determination

of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B.      Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).

4

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

**C.    Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must

5

be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

### A.   Unexhausted Claims

Respondent maintains that Petitioner has not exhausted grounds 4, 7, 10, 11, 12, and 13, described as sufficiency of the evidence claims. The Court agrees. The only issue presented in the petition for discretionary review was whether the State should be permitted to argue that the jury can consider and rely on a jury verdict in a completely different extraneous case in another county in deciding its verdict against Petitioner. ECF No. 24-1 at 8.[2] Petitioner argues that he can raise a no evidence claim for the first time on collateral review. ECF No. 32 at 8 (citing *Ex parte Moffett*,

---

[2] The page reference is to "Page 8 of 39" reflected at the top right portion of the document on the Court's electronic filing system.

542 S.W.2d 184, 185 (Tex. Crim. App. 1976), and *Ex parte Barfield*, 697 S.W.2d 420 (Tex. Crim. App. 1985)). "Texas law permits a defendant to raise a 'no evidence' claim for the first time on collateral review only when the conviction is totally devoid of any evidentiary support." *Hicks v. Davis*, No. 3:16-CV-2168-L-BK, 2017 WL 8784451, at *3 (N.D. Tex. Nov. 29, 2027), *adopted*, 2018 WL 1718028 (N.D. Tex. Apr. 9, 2018). Here, as in *Hicks*, where the record is not totally devoid of evidentiary support, the claims must have been raised on direct appeal. *Id.*; *Crowley v. Lumpkin*, No. 4:21-CV-785, 2022 WL 4749051, at *7 (S.D. Tex. Sept. 30, 2022), *COA denied*, No. 22-20581, 2023 WL 3243409 (5th Cir. May 1, 2023). As the CCA has noted, in an extraordinary case where the record on appeal would not have shown the sentence to be illegal, it would be appropriate to challenge it by applying for writ of habeas corpus. *Ex parte Rich*, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006).[3] That is not the case here where Petitioner could have raised his claims on direct appeal. The CCA denied the state habeas application. Denial of grounds four and seven means that those grounds were not cognizable. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). He does not purport to have properly presented grounds 10–13 to the CCA and he could not do so now. *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008) (Texas abuse of the writ doctrine has been consistently applied as a procedural bar since 1994).

Petitioner argues that he is not barred from presenting these claims because he received ineffective assistance of counsel on appeal. ECF No. 32 at 9–10. He has made no such showing. The appellate court's opinion recites the evidence supporting the conviction for theft from elderly persons. *Cappiello*, 2022 WL 1420763 at *2–*5. Asserting no evidence grounds on appeal would have been frivolous. The failure to raise a frivolous issue on appeal is not ineffective assistance.

---

[3] In *Rich*, the sentence was illegal because it was outside the authorized range of punishment once it was discovered that an underlying conviction used for enhancement had been reduced from a felony to a misdemeanor.

*See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

### B. Remaining Claims

In his first ground, Petitioner alleges that the State "tortuously" interfered with private, third-party contracts, unlawfully bringing criminal proceedings to a lawful act. ECF No. 1 at 5, 22. In his fifth ground, he alleges that prosecutorial misconduct from investigation to closing statement caused him to be charged, convicted, and sentenced for what the law legally allowed him to do. *Id.* at 28–30. In his fourteenth ground, he alleges that the state appellate court used the wrong standard of review in determining that the prosecutor's reference to an extraneous offense was harmless. *Id.* at 45–46.

A habeas court reviews prosecutorial misconduct to determine whether it so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000). "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765 (1987) (internal quotations omitted; citations omitted). A trial is not fundamentally unfair unless there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Barrientes*, 221 F.3d at 753.

With regard to "tortuous" interference with contract, Petitioner's argument seems to be that because he had entered into contracts with his victims, he could not be prosecuted for having fleeced them. ECF No. 1 at 5, 28–30; ECF No. 32 at 10–13. The argument is absurd. There is no constitutional right to violate the law simply because one has a contract.

8

Petitioner alleges that the State introduced false and misleading testimony. ECF No. 1 at 28–29. A prosecutor may not knowingly use false testimony or allow false testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Giglio v. United States*, 405 U.S. 150, 154 (1972). To obtain reversal of a conviction based on use of false testimony, a petitioner must show that (1) the testimony was actually false, (2) the testimony was material, and (3) the prosecution had knowledge that the testimony was false. *Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996). That evidence is contradictory or inconsistent does not establish its falsity. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). Here, Petitioner offers nothing more than unsubstantiated allegations; he has no proof that materially false testimony was knowingly offered by the prosecution. The state courts implicitly found that it was not. Petitioner has not met his burden of showing entitlement to relief.

As for the allegation that the prosecutor made an improper argument, Petitioner must show that such improper argument substantially affected his right to a fair trial. *Trottie v. Stephens*, 720 F.3d 231, 253 (5th Cir. 2013). The Court looks at the magnitude of the prejudicial effect of the remarks, the efficacy of any cautionary instruction by the trial judge, and the strength of the evidence supporting the conviction. *Id.* The improper remarks must be so pronounced and persistent that it permeated the entire atmosphere at trial. *Id.* Here, Petitioner has not come close to showing that the "prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Such a conclusion could not be reached here, where the evidence of guilt was overwhelming.

Finally, with regard to alleged prosecutorial misconduct, the issue of improper jury argument was considered by the state appellate court and found to be without merit. *Cappiello*, 2022 WL 1420763, at *7–*9. Petitioner has not shown that its conclusion was contrary to, or an unreasonable application of, federal law or was based on an unreasonable determination of the facts. The argument he presents in his fourteenth ground appears to be based on state law and is not proper here. *See Weeks v Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (federal courts do not sit to review a state court's interpretation of state law).

Petitioner argues in his second ground that the indictment failed to set forth each essential element to prosecute theft in connection with a contract. ECF No. 1 at 7, 23. (This argument is also made in ground five. *Id.* at 28.) "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). Under Texas law, the failure of an indictment to include an essential element of the crime does not deprive the court of jurisdiction. *Id.* at 69. Accordingly, Petitioner's argument is without merit. And, in any event, by denying his state habeas application, the CCA implicitly determined that the indictment conferred jurisdiction on the trial court and was sufficient. *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985).

In his third ground, Petitioner argues that his right to confrontation was violated because two of his victims were deceased at the time of trial. ECF No. 1 at 8, 24–25. He fails to cite the record to show that he was, indeed, denied the right to confront witnesses against him. There is no indication that testimony of the decedents was presented at trial. Rather, it appears that Petitioner had the opportunity to cross-examine all witnesses, as was his right. *See Pennsylvania v. Ritchie*,

10

480 U.S. 39, 51 (1987) (Confrontation Clause grants a criminal defendant the right to physically face those who testify against him and to conduct cross-examination). He has not overcome the presumption that the denial of his state habeas application was correct.

In his sixth ground, Petitioner alleges that he received ineffective assistance from his trial counsel. ECF No. 1 at 31–34. Specifically, he complains that trial counsel failed to challenge the sufficiency of the indictment and failed to file pretrial motions to suppress evidence. *Id.* As previously noted, the indictment was not defective. The complaints about failure to file "necessary pretrial motions" are wholly conclusory and unsupported. Petitioner has not overcome the doubly deferential standard applicable. *Cullen*, 563 U.S. at 190.

In his eighth and ninth grounds, Petitioner maintains that he received ineffective assistance from appellate counsel.[4] ECF No. 1 at 38–40. His laundry list of alleged deficiencies is insufficient to meet his burden here. He has not shown that he had any issues clearly stronger than those presented on appeal. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). In fact, he has failed to show that any of the issues he claims should have been presented at any time would have changed the outcome. Further, as Respondent notes, ECF No. 20 at 29, he did not have a right to counsel to pursue discretionary relief. *Ross v. Moffitt*, 417 U.S. 600, 610 (1974). Thus, he cannot assert an ineffective assistance claim in that regard. *Wainwright v. Torina*, 455 U.S. 586, 587–88 (1982).

## V.    CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the petition and any other document filed by Petitioner.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of

---

[4] That Petitioner did not address the ineffective assistance grounds in his otherwise thorough reply, ECF No. 32, is telling.

appealability is **DENIED**.

**SO ORDERED** on this **19th day** of **February, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**